

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Federal Courthouse*
*17 South Park Row*
*Room A330*
*Erie, Pennsylvania 16501*

*814/452-2906*

August 1, 2005



GOVERNMENT EXHIBIT 1

Elliot J. Segel, Esquire
818 State Street
Erie, Pennsylvania  16501

Re:   United States of America v.
      PATRICK NELSON KISER
      Criminal No. 05-10 Erie

Dear Mr. Segel:

This letter sets forth the agreement by which your client, PATRICK NELSON KISER, will enter a plea of guilty in the above-captioned case.  The letter represents the full and complete agreement between PATRICK NELSON KISER and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, PATRICK NELSON KISER will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq.  The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence.  The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States Court by a preponderance of the evidence.

    A.   The defendant, PATRICK NELSON KISER, agrees to the following:

        1.   He will enter a plea of guilty to Count Two of the Indictment at Criminal No. 05-10 Erie, charging him with violating Title 18, United States Code, Sections 844(i) and 2, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

August 1, 2005
Page 2

2. He acknowledges his responsibility for the conduct charged in Counts One and Three of the Indictment at Criminal No. 05-10 Erie and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in imposing sentence.

3. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

4. He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

5. If the Court imposes a fine or restitution as part of a sentence of incarceration, PATRICK NELSON KISER agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

6. At the time PATRICK NELSON KISER enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. PATRICK NELSON KISER waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, PATRICK NELSON KISER may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the

August 1, 2005
Page 3

        guideline range determined by the Court under the Sentencing Guidelines, PATRICK NELSON KISER may take a direct appeal from the sentence.

        The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

        PATRICK NELSON KISER further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

B.   In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

    1.   After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Indictment at Criminal No. 05-10 Erie, without prejudice to their reinstatement if, at any time, PATRICK NELSON KISER is permitted to withdraw his plea of guilty. In that event, PATRICK NELSON KISER waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.

    2.   The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of PATRICK NELSON KISER in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

    3.   Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and PATRICK NELSON KISER timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid

August 1, 2005
Page 4

        preparing for trial and permitting the Court to allocate its resources efficiently.

    4.    The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    PATRICK NELSON KISER and the United States Attorney further understand and agree to the following:

    1.    The penalty that may be imposed upon PATRICK NELSON KISER is:

        (a)    A term of imprisonment of not less than five (5) years, but not more than twenty (20) years;

        (b)    A fine of $250,000;

        (c)    A term of supervised release of three (3) years;

        (d)    A special assessment under 18 U.S.C. §3013 of $100;

        (e)    Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664.

    2.    The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

    3.    This agreement does not preclude the government from pursuing any civil or administrative remedies against PATRICK NELSON KISER or his property.

    4.    The parties agree that, although charges are to be dismissed pursuant to this agreement, PATRICK NELSON KISER is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). PATRICK NELSON KISER waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

August 1, 2005
Page 5

This letter sets forth the full and complete terms and conditions of the agreement between PATRICK NELSON KISER and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature: Mary Beth Buchanan]*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Elliot J. Segel, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature: Patrick Kiser]*
PATRICK NELSON KISER

August 12, 2005
Date

Witnessed by:

*[signature: Elliot J. Segel]*
ELLIOT J. SEGEL, ESQUIRE
Counsel for PATRICK NELSON KISER