## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal No. 05-00010-002 (Erie)** |
| | ) | |
| **PATRICK NELSEN KISER,** | ) | |
| **Defendant.** | ) | |

### POSITION OF DEFENDANT WITH RESPECT TO PRE-SENTENCE REPORT

AND NOW, comes the defendant, Patrick Nelsen Kiser, by and through counsel, Elliot J. Segel, Esquire, and files the present pleading pursuant to the Local Rules of this Court, and in support thereof avers the following:

1.     On August 12, 2005, the defendant pled guilty to Count 02, Arson, in violation of 18 U.S.C. § 844(i).  This plea was entered pursuant to a written Plea Agreement with the Government, which was made part of the record of the Change of Plea Proceeding.

2.     At the time of his plea, this Court set November 07, 2005 as the time set for the sentencing proceeding to be held in this matter.

3.     On Monday, October 03, 2005, defense counsel received a copy of the Pre-Sentence Report filed in this matter by the United States Probation Office.

4.     The defendant and undersigned counsel have discussed contents of said Pre-Sentence Report, and as a result can advise this Court that the defendant is in agreement with most of the contents of the Pre-Sentence Report.  By way of further statement, the Defendant advises that he is in agreement with the following salient features of the Pre-Sentence Report:

A.     The defendant agrees with the calculations performed under the 2004

United States Sentencing Guidelines, which are advisory in nature, only. As such, the defendant agrees that under such advisory guidelines, his total offense level is 19, his criminal history category is I, yielding an advisory sentencing guideline range of 30 to 37 months of incarceration.

B.  The defendant unfortunately agrees that there is a mandatory minimum term of imprisonment of 5 years applicable pursuant to 18n U.S.C. § 844(i).

C.  The defendant agrees that he does not have the ability to pay a fine in this case.

D.  The defendant agrees (paragraph no. 58) that he would benefit from substance abuse treatment during any period of incarceration imposed in this case.

5.  The defendant would point out that there are three (3) relatively minor matters in the pre-sentence report that need correction. First, his mother's name is "Melinda", not Melissa Kiser (paragraph no. 41).  Second, his second mental health inpatient treatment period occurred from January 30, 2001 to February 02, 2001, not February 20, 2001 (paragraph no. 47 has it wrong; paragraph no. 49 has it right).  Third, the defendant quit using Fentanyl in February, 2003 when he initiated his treatment at the Esper Treatment Center, not six or seven months prior to his indictment in March 2005, as reported in paragraph no. 53.  The defendant believes that none of these corrections have an impact for sentencing purposes.

6.  Finally, the defendant is not in a position to agree or disagree to the representations made in the pre-sentence report as to the various amounts of restitution arising from this matter.  This is because the defendant has never received any supporting

2

documentation for these restitution claims.  Accordingly, the defendant would request that the Government provide his counsel as soon as possible with all supporting, itemized documentation for the various restitution claims.


Respectfully submitted,
SEGEL & SOLYMOSI

By: _Elliot J. Segel_____

Elliot J. Segel, Esq.
818 State Street
Erie, PA  16501
(814) 454-1500
FAX (814) 454
Counsel for Defendant


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing document was served by personal delivery upon Assistant United States Attorney Christian  A. Trabold, 17 South Park Row, Room A330, Erie, PA 16501, and Stephen A Lowers, United States Probation Office, 17 South Park Row, Room A-110, Erie, PA  16501 on the 19th day of October, 2005.


_Elliot J. Segel_____
Elliot J. Segel, Esq.

3